**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5207-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KAFELE K. BOMANI, a/k/a
SHAUN A. GOODING, SHAWN
GOODING, and SHAUN GRANT,

     Defendant-Appellant.

_____

Submitted January 14, 2020 – Decided February 10, 2020

Before Judges Fisher and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 09-08-2019

Joseph E. Krakora, Public Defender, attorney for appellant (Craig S. Leeds, Designated Counsel, on the brief).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Nicole Lynn Campellone, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kafele Bomani appeals from an order denying his petition for post-conviction relief (PCR). He contends that his trial and appellate counsel provided him with ineffective assistance. Having conducted a de novo review of the record, we affirm substantially for the reasons explained by Judge Patricia M. Wild in her thorough twenty-page opinion denying the PCR petition after hearing oral argument, but without an evidentiary hearing.

A jury convicted defendant of first-degree attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3(a)(1) or (2); second- and third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) and N.J.S.A. 2C:12-1(b)(2); and three weapons offenses, including second-degree certain persons not to have a weapon, N.J.S.A. 2C:33-7.

The evidence at trial established that defendant shot another man in the early morning hours of October 20, 2007, outside the Wyndham Resort Hotel in Atlantic City. The shooting was captured on video by a hotel surveillance camera and witnessed by a hotel security guard who was watching the monitor of the surveillance camera. A hotel bellman also witnessed the shooting. Both the security guard and bellman saw the shooter get into a sports utility vehicle (SUV) and the bellman noted the vehicle's license plate number. Defendant was the registered owner of the SUV. A subsequent search of defendant's apartment

found clothing, including a distinctive hat, that matched the clothing and hat worn by the shooter as seen in the video.

The victim survived the shooting but refused to cooperate in the investigation of the crime. At trial, defendant was identified as the shooter by the security guard and by DNA evidence from the hat.

The video surveillance recording was admitted into evidence but was not in its original form. Detectives had not been able to make a copy of the digital surveillance recording from the hotel security system. Consequently, they used their own video recorder to film what they were looking at on the monitor in the security office. After conducted a pre-trial hearing, the trial court ruled that the copied surveillance evidence was admissible at trial. At trial the State used a video expert to explain the recording process to the jury.

After the jury convicted defendant, he moved for a new trial contending that there was newly discovered evidence. In support of that motion, he presented a certification from an inmate named Matthew Hayes who had been housed at the county jail at the same time as defendant. Hayes claimed that he was a friend of the victim and he had been with the victim at the time of the shooting. Hayes also claimed that it was not defendant who shot the victim. The trial court conducted a post-trial hearing, took testimony from Hayes, and

3

concluded that his testimony was not credible. Accordingly, the trial court denied defendant's motion for a new trial.

Initially, defendant was sentenced to an extended term of life in prison, with a period of parole ineligibility, on the conviction for attempted murder. All the other convictions were merged with his attempted murder conviction, except for the certain persons weapons conviction. On the certain persons conviction, defendant was sentenced to a concurrent prison term of ten years.

Defendant appealed his convictions and sentence. On his first appeal, we affirmed defendant's convictions, but reversed his life sentence and remanded for resentencing. State v. Bomani, No. A-3373-11 (App. Div. Mar. 3, 2014).

At his second sentencing, defendant was sentenced to thirty-five years in prison, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Defendant again appealed his sentence. We reversed and remanded for another sentencing because the sentencing court had considered "what defendant's sentence 'would have been if he had accomplished what he intended,' i.e., murder." State v. Bomani, A-0017-15 (App. Div. Feb. 9, 2016).

In July 2016, defendant was sentenced for a third time. On the conviction for attempted murder, defendant was sentenced to twenty-five years in prison, subject to NERA. All his other convictions were merged, except for the certain

persons conviction. On that conviction, defendant was sentenced to ten years in prison to run concurrent with his sentence for attempted murder.

Defendant filed a petition for PCR.[1] He was assigned counsel, and Judge Wild heard oral argument on the petition. On March 16, 2018, Judge Wild issued a written opinion and order denying defendant's petition.

In her opinion, Judge Wild addressed the eleven arguments raised by defendant and his PCR counsel. Judge Wild found that two of defendant's arguments had been raised on his first direct appeal and were, therefore, precluded from being raised again. See State v. McQuaid, 147 N.J. 464, 484 (1997); State v. Preciose, 129 N.J. 451, 459 (1992); R. 3:22-4. Judge Wild then comprehensively reviewed each of defendant's remaining arguments and found that none of them established a prima facie showing of ineffective assistance of counsel. Finally, Judge Wild found that defendant had submitted nothing that created material issues of fact warranting an evidentiary hearing. See Preciose, 129 N.J. at 462-63; R. 3:22-10(e).

---

[1] The petition included in the appendix does not identify when it was filed. In his brief defendant stated that his PCR petition was filed on December 10, 2014. In its brief, the State "adopted" defendant's statement of the procedural history. The State has not argued that defendant's petition was untimely.

On this appeal, defendant challenges the denial of his PCR petition on numerous grounds. Specifically, he presents the following arguments:

POINT I – DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS AND THE LOWER COURT ERRED IN CONCLUDING OTHERWISE

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR POST CONVICTION RELIEF

B. TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO RETAIN A VIDEO FORENSIC EXPERT TO REFUTE THE STATE'S EXPERT WITNESS, DET. JOHANNESSEN, REGARDING CRITICAL EVIDENCE, SPECIFICALLY, THE SURVEILLANCE VIDEO ALLEGEDLY CAPTURING THE ACTUAL CRIME

C. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBTAIN AND REVIEW ALL OF THE DISCOVERY IN THIS CASE, AND SUBSEQUENTLY, FAILING TO PROVIDE ALL RELEVANT DISCOVERY TO THE DEFENDANT

D. TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO CONDUCT PRE-TRIAL

6

INVESTIGATION OF ALL POTENTIAL WITNESSES HAVING RELEVANT AND/OR EXCULPATORY INFORMATION BEARING ON THE CASE AND THEN CALLING THEM AS DEFENSE WITNESSES

E. TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO PROPERLY OBJECT WHEN THE PROSECUTOR COMMITTED FLAGRANT MISCONDUCT AND TAINTED THE TRIAL BY TELLING THE JURY THAT HE WOULD NEVER HAVE MADE A PLEA OFFER TO THE VICTIM IN THE VICTIM'S OWN CRIMINAL MATTER, GRANTING THE VICTIM LENIENCY IF HE TESTIFIED AGAINST THE DEFENDANT BECAUSE THAT WOULD CONSTITUTE AN ILLEGAL BRIBE

F. TRIAL COUNSEL WAS INEFFECTIVE IN NOT CHALLENGING THE PROSECUTOR'S VINDICTIVENESS IN SEEKING A SUPERSEDING INDICTMENT FOR ATTEMPTED MURDER BECAUSE DEFENDANT ELECTED TO EXERCISE HIS EIGHTH AMENDMENT RIGHT TO A REASONABLE BAIL AND LITIGATE A MOTION FOR REDUCED BAIL

G. TRIAL COUNSEL WAS INEFFECTIVE BY ADVISING THE DEFENDANT THAT IF HE TESTIFIED AT TRIAL, THE STATE WOULD BE PERMITTED TO USE HIS CRIMINAL

7

HISTORY TO IMPEACH HIS CREDIBILITY

H. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST AN ADVERSE INFERENCE CHARGE FOR THE STATE'S LOSS AND/OR DESTRUCTION OF MATERIAL EVIDENCE

POINT II – THE DEFENDANT'S STATE AND FEDERAL RIGHTS TO A FAIR TRIAL WERE VIOLATED BY THE TRIAL COURT'S FAILURE TO ENFORCE A SEQUESTRATION ORDER FOR ONE OF THE STATE'S WITNESSES

POINT III – DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

POINT IV – DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF POST CONVICTION RELIEF COUNSEL

POINT V – THE CUMULATIVE EFFECT OF THE ERRORS COMPLAINED OF RENDERED THE TRIAL UNFAIR

POINT VI – THE LOWER COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING

All but one of defendant's appellate arguments were presented to Judge Wild. We reject the repeated arguments for the reasons explained by Judge Wild in her well-reasoned opinion. In short, Judge Wild correctly analyzed each of

8

those arguments, applied the well-established law, and found that none of those arguments satisfied the two prongs required to establish ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 57-58 (1987). Having conducted a de novo review, we agree with the conclusions reached by Judge Wild.

Defendant also presents one new argument; contending that his PCR counsel was ineffective in two respects. First, defendant asserts that his PCR counsel failed to retain a forensic video expert to support his petition. Second, defendant contends that his PCR counsel was ineffective in not submitting to the PCR court two letters he wrote on March 23, 2010 and April 18, 2010.

At trial, the State had presented a forensic video expert to explain how the hotel surveillance video had been copied. In his PCR petition, defendant contended that his trial counsel was ineffective in failing to retain an independent expert to challenge the State's video expert. Judge Wild rejected that argument because defendant had not presented any facts as to what such a rebuttal expert would have contended and whether a defense expert could have raised legitimate grounds for challenging the use of the video. Accordingly, under established case law, Judge Wild rejected that argument. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

A-5207-17T1

On appeal, defendant argues that his PCR counsel was ineffective in not retaining a video expert. He also argues that his PCR counsel was ineffective in not presenting two letters, which he argues would have shown that his trial counsel was ineffective in not investigating the potential witness, Matthew Hayes.

Neither of these new arguments satisfies either prong of the Strickland test. 466 U.S. at 687; Fritz, 105 N.J. at 58. There is still no showing that a defense video expert could have made any legitimate arguments to rebut the State's expert. Moreover, the letters go to an issue that was considered and rejected on direct appeal. Finally, there is no showing of prejudice. Defendant was accorded a jury trial. The evidence at trial included testimony from two eyewitnesses to the shooting, as well as the video. There was also strong physical evidence in the form of clothing, the hat, and the SUV, all of which linked defendant to the shooting. Defendant's arguments about ineffective assistance of his PCR counsel do not undermine any of that strong evidence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5207-17T1